UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ROSALIND BACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-299 |
| | ) | |
| LAUREN NOLTE, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Rosalind Bacon, proceeding *pro se* and *in forma pauperis*, brings this Complaint alleging discrimination and retaliation under the Americans with Disabilities Act (ADA) of 1967, 42 U.S.C. § 12112, *et seq*. Doc. 1. The Court granted plaintiff's Motion for Leave to proceed *in forma pauperis* (IFP), doc. 5, and now screens the Complaint pursuant to 28 U.S.C. §1915(e).[1]

---

[1] Pursuant to 28 U.S.C. §1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B).

## BACKGROUND

Plaintiff suffers from chronic lupus and a medical condition that causes seizures and aneurysms.[2]  Doc. 1 at 4.  Plaintiff was employed by defendant Robert Half International, Inc. (RHI), a staffing service, between January 2015 and August 2018.  Doc. 1-1 at 4.  She notified defendant of her medical condition in 2016.  *Id.* at 6.  In February 2018, a representative of Citi Trends notified plaintiff that they were interested in hiring her for a full-time data entry position, to begin in early March.  *Id.*  The position was structured so that plaintiff would work for 90-days in a temporary capacity as an employee of defendant before moving into a permanent position as an employee of Citi Trends.  *Id.*

In early April 2018, plaintiff suffered multiple seizures and lupus "flares."  *Id.*  Around the same time, she also experienced the loss of an Aunt.[3]  *Id.*  Plaintiff notified defendant and Citi Trends of her personal

---

[2] Plaintiff's Complaint also references epilepsy as a disability.  Doc. 1 at 4.  As epilepsy is not referred to in any of the other supporting documents, it is unclear if plaintiff's seizures are caused by epilepsy or another condition.

[3] Another of plaintiff's aunts died in July 2018. Doc. 1-1 at 84.  Plaintiff has provided a copy of the email in which he informs defendants Lauren Nolte and Lisa Avila and apologized for taking time away from her position.  *Id.*  The Court notes that in an email from January 2018, plaintiff acknowledged that Nolte was no longer with Office Team.  It is unclear if Nolte remained employed by RHI in another capacity.  It is also

and medical situation in writing and requested time off for doctors' appointments and grief counseling.[4]  *Id.*  She also asked for accommodation to leave work at 3:00 p.m. in order to make 3:30 pm doctor's appointments, the latest available.  *Id.*  Citi Trends did not grant plaintiff's request to leave work early, though similar requests were granted for other employees.  *Id.* at 6 and 8.  It is unclear if plaintiff's request for time off was approved.

Plaintiff alleges that after learning that she suffered from lupus, her supervisor, Rosalyn Frazier, engaged in discriminatory behavior.  *Id.* at 7.  Among the acts alleged was Frazier leaving plaintiff's medical history in a public area.  *Id.* at 6–7.  Plaintiff also alleges that she was required to work ten-hour days without a lunch break—interfering with her ability to take medication.[5]  *Id.* at 7.  She was also made to assist

---

unclear if plaintiff communicated her need for time off or accommodation for grief counseling to her supervisors at Citi Trends.

[4] It is not clear from plaintiff's filings if Citi Trends was aware of her medical conditions prior to April 2018.

[5] The frequency at which plaintiff was expected to work ten-hour days is not clear from the pleadings.  The only timesheet included in plaintiff's filing reflects that on four of the five workdays reflected, plaintiff worked from 8:00 am to 5:00 pm, with lunch breaks ranging in length from 57 minutes to two hours and seventeen minutes.  Doc. 1-1 at 85.  On only one day did plaintiff work a ten-hour day without a lunch break.  *Id.*  For the full week, plaintiff accumulated slightly more than 40 working hours.  Additionally, in an email to defendant Avila dated three weeks after the

with problems in multiple departments. *Id.* While working at Citi Trends, plaintiff was not provided with a badge needed for entry into the building and, on at least one occasion, was late returning from lunch due to being unable to enter the building. *Id.* at 7–8. Plaintiff did complain to defendant Rachel Danes, an employee of RHI; after which she was offered the position of Exit Interviewer. *Id.* at 7.

Plaintiff additionally alleges that her brother was in a relationship with Vanessa Davis, a human resources employee of RHI. *Id.* at 7. She claims that her brother, exploiting his influence over Davis, sought to have her fired in retaliation for a comment made on social media. *Id.*

During her time as an Exit Interviewer, plaintiff also worked with the human resources department for insurance open enrollment, the attorney's office in leasing and compliance, in a data entry position, and in lay-a-way call backs. *Id.* at 8. At the conclusion of her human resources assignment, though Citi Trends was pleased with her work, *id.*

---

timesheet, plaintiff claims that her working hours were 10:00 am to 6:00 pm. *Id.* at 41.

at 45, plaintiff was not offered a permanent position or retained, *id*. at 8–9.[6]

## DISCUSSION

Plaintiff's claims against the individual defendants should be dismissed. The ADA provides that "[n]o *covered entity* shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (emphasis added). "The term "covered entity" means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12112(b). This does not allow for individual liability. *See Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2009) (" . . . individual liability is precluded for violations of the ADA's employment discrimination provision. . ..").  Therefore, individual defendants Lauren

---

[6] Plaintiff also includes in her pleadings documents related to prior positions, presumably obtained through RHI, with companies other than Citi Trends. This includes an earlier EEOC charge of discrimination filed against Ship Supply International in 2017 and a narrative of her employment with that company, including allegations of potential illegality. Doc 1-1 at 1–2 and 75–78. The Court cannot discern the intended relevance of these additional documents.

Nolte, Laura Taylor, Rachel Danes, and Tracey Foster should be **DISMISSED** from this case.

Plaintiff's claims against Robert Half International, Inc. should also be dismissed as it did not contribute to the discriminatory conduct. Courts have recognized that, in a joint-employer situation—such as when a staffing agency places an employee with a client company—each individual employer only bears liability for discriminatory acts within its control. *See Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244–45 (11th Cir. 1998) (plaintiff could not bring sex discrimination action against employer and non-profit condominium board where the board made no decisions that affected the terms of her employment); *see also Torres-Negrón v. Merck & Co.*, 488 F.3d 34, 41 n. 6 (1st Cir. 2007) ("a finding that two companies are an employee's "joint employers" only affects each employer's liability to the employee for their *own* actions, not for each other's actions"); *Whitaker v. Milwaukee Cnty.*, 772 F.3d 802, 811–12 (7th Cir. 2014) (employer county is not liable under ADA for allegedly discriminatory decisions of state agency over which it had no control); *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 228–29 (5th Cir. 2015) ("A staffing agency is liable for the discriminatory conduct

of its joint-employer client if it participates in the discrimination, or if it knows or should have known of the client's discrimination but fails to take corrective measures within its control."). This approach is also consistent with the guidance of the Equal Employment Opportunities Commission (EEOC). EEOC, Enforcement Guidance: Application of EEO Law to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms at 2260 (1997) ("The [staffing] firm is liable if it participates in the client's discrimination.").

Plaintiff has not alleged that defendant RHI participated in discriminatory conduct or failed to take corrective measures once placed on notice. Her allegations of discrimination focus on Rosalyn Frazier and Vanessa Davis, employees of Citi Trends. In fact, the only instance pleaded in which RHI was advised of discriminatory behavior resulted in Rachel Danes conducting an "hours long conference call" with plaintiff, who was shortly thereafter transferred to a new position. Doc. 1-1 at 7. Plaintiff does not allege any other instances in which RHI was involved, or even aware of discriminatory treatment. Therefore, claims against Robert Half International should be **DISMISSED**.

## CONCLUSION

In summary, plaintiff's claims against all defendants should be **DISMISSED** as none are proper parties to this claim.[7] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. **Within 14 days of service**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

---

[7] Generally, a *pro se* plaintiff is granted at least one opportunity to amend. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires"). However, the Court is under no such obligation "if the amended complaint would still be subject to dismissal." *Jenkins*, 620 F. App'x 709 at 711. That's the case here. Though plaintiff could conceivably amend her Complaint to include more appropriate defendants, as she has filed a separate case lodging identical allegations against Citi Trends and its employees, such amendment would be superfluous.

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 10th day of February, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA