IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ROSALIND BACON,

    Plaintiff,

v.

LAUREN NOLTE, *et al.*,

    Defendants.

CIVIL ACTION NO.: 4:19-cv-299

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's February 10, 2020, Report and Recommendation, (doc. 7), to which the plaintiff has filed objections (doc. 8). The Court **ADOPTS** the Report and Recommendation as its opinion and **DISMISSES** plaintiff's complaint. (Doc. 15).

The Magistrate Judge identified two problems with plaintiff's complaint: (1) that the individual defendants are improper parties because the Americans with Disabilities Act (ADA) does not provide individual liability; and (2) that Robert Half International (RHI) did not contribute to the alleged discrimination. (*See* doc. 7). Plaintiff's objection does not address the first deficiency at all. Though she stresses that individual defendants possessed knowledge of her disability (doc. 8 at 3–4), she does not offer any argument for why such knowledge creates a theory of liability and recovery that is not otherwise available under the relevant statute.

Plaintiff's objection to the Magistrate's finding that RHI did not contribute to the alleged discrimination is somewhat difficult to parse, but the Court understands her position to be that RHI was aware of her disability and, eventually, the alleged harassment and had a duties to ensure that

she received adequate accommodation, directly address the discriminatory behavior, and provide education and training for Citi Trends. (Doc. 8 at 4).

RHI is a staffing agency that placed plaintiff in a position with the company Citi Trends. (*See* doc. 1-1 at 6). Though RHI might have technically employed plaintiff at the time of the alleged discrimination, Citi Trends controlled her daily responsibilities and held the ultimate authority to continue or conclude her assignment. In such joint-employer relationships, each individual employer only bears liability for discriminatory acts within its control. *See Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244–45 (11th Cir. 1998) (plaintiff could not bring sex discrimination action against employer and non-profit condominium board where the board made no decisions that affected the terms of her employment); *see also Torres-Negrón v. Merck & Co.*, 488 F.3d 34, 41 n. 6 (1st Cir. 2007) ("a finding that two companies are an employee's 'joint employers' only affects each employer's liability to the employee for their own actions, not for each other's actions"); *Whitaker v. Milwaukee Cnty.*, 772 F.3d 802, 811–12 (7th Cir. 2014) (employer county is not liable under ADA for allegedly discriminatory decisions of state agency over which it had no control); *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 228–29 (5th Cir. 2015) ("A staffing agency is liable for the discriminatory conduct of its joint-employer client if it participates in the discrimination, or if it knows or should have known of the client's discrimination but fails to take corrective measures within its control."). This is also consistent with the policies of the Equal Employment Opportunities Commission. EEOC, Enforcement Guidance: Application of EEOC Law to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms at 2260 (1997) ("The [staffing] firm is liable if it participates in the client's discrimination."). Plaintiff has not suggested that RHI was aware of the potential for discrimination or an unwillingness to accommodate her disability at the time of her initial

placement.   In fact, the pleadings suggest that plaintiff was specifically requested for the position and had previously worked with Citi Trends without problem.   (Doc. 1-1 at 6).   She has also not alleged that RHI held control or authority over Citi Trends, a separate company.   As such, she has not provided a legal justification for RHI's liability under the ADA.

Accordingly, Court overrules plaintiff's objection and **ADOPTS** the Report and Recommendation (doc. 26) as its opinion.   The complaint is **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 27th day of August, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA